UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLOS M. W.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. 3:26-cv-05076-GJL<br><br>SOCIAL SECURITY DISABILITY APPEAL ORDER |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 4. This matter has been fully briefed. *See* Dkts. 13, 14, 15.

Having considered the Administrative Record (AR) and all memoranda, the Court concludes that the Appeals Council committed an abuse of discretion in considering whether Plaintiff had shown good cause for his untimely request for review. Accordingly, this matter is **REVERSED** and **REMANDED** for further administrative proceedings.

//

//

## I. PROCEDURAL HISTORY

On March 30, 2021, Plaintiff filed applications for Title XVI Supplemental Security Income (SSI) pursuant to 42 U.S.C. § 1381(a), and Title II Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423(a). AR 149, 157. His claims were denied initially on November 15, 2021, and upon reconsideration on June 9, 2023. AR 149, 157, 214–15. The matter came on for hearing on November 5, 2024, and on February 7, 2025, ALJ David Johnson (the ALJ) issued a decision concluding that Plaintiff was not disabled pursuant to his DIB application, but was disabled pursuant to his SSI application, after January 4, 2023. AR 16–31.[1] The Appeals Council denied Plaintiff's request for review of the ALJ's partially-unfavorable decision on January 14, 2026, as untimely, thus making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 4. On March 2, 2026, Plaintiff filed a Complaint with this Court seeking judicial review of the Appeals Council's denial of his request for review. Dkt. 6. Defendant filed the sealed Administrative Record in this matter on May 1, 2026. Dkt. 9.

## II. BACKGROUND

Plaintiff was born on June 19, 1971, and was forty-five years old on September 1, 2016, his alleged date of disability onset. AR 149. Plaintiff has at least a high school education. AR 372. According to the ALJ, Plaintiff suffers from the severe impairments of: obesity; asthma; obstructive sleep apnea; hypertension; right hip impairments (osteoarthritis and anterior acetabular labral tear with associated low-level superior acetabular chondromalacia); left shoulder impairment (impingement and tendinitis of left rotator cuff); degenerative disc disease and facet arthropathy of the lumbar spine, and, as of January 4, 2023, squamous cell carcinoma. AR 19. The ALJ, however, found that Plaintiff was not disabled from the alleged onset date until

[1] The ALJ found that Plaintiff was disabled as of January 4, 2023, due to his diagnosis with squamous cell carcinoma. AR 28–29.

January 4, 2023, because he had the Residual Functional Capacity (RFC) through his Date Last Insured (DLI) to:

> perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), that does not require more than occasional climbing of ladders, ropes, or scaffolds; that does not require more than frequent balancing, stooping, kneeling, crouching, crawling, or climbing of ramps or stairs; that does not require more than occasional left non-dominant reaching; and that does not require concentrated exposure to vibration, hazards, or pulmonary irritants.

AR 21.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if the ALJ's findings are based upon legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

Plaintiff argues that:

> [t]he Appeals Council abused its discretion and committed legal error by dismissing Plaintiff's [r]equest for [r]eview as untimely without properly evaluating all circumstances relevant to a finding of good cause, including Plaintiff's disabling cancer diagnosis, extensive radiation and chemotherapy treatment, ongoing treatment-related complications, cognitive limitations, loss of legal representation following the [ALJ]'s decision, and a reasonable confusion resulting from a partially favorable decision awarding [SSI] while denying [DIB].

Dkt. 13 at 1.

Accordingly, Plaintiff requests that the Court: (1) reverse the Appeals Council's dismissal of Plaintiff's request for review; (2) find that Plaintiff demonstrated good cause for the untimely filing of his request for review; (3) remand the matter to the Commissioner with instructions that the Appeals Council accept Plaintiff's request for review and consider the merits of Plaintiff's

appeal; (4) alternatively, remand the matter to the Appeals Council for reconsideration of Plaintiff's request for good cause. Dkt. 13 at 1.

**A. Appeals Council Denial**

First, Plaintiff notes that "[t]he ALJ's February 7, 2025[,] decision was partially favorable. Plaintiff was found disabled . . . [and] awarded SSI benefits[,]" but "the ALJ simultaneously denied Plaintiff's DIB claim." Dkt. 13 at 3. Consequently, because "Plaintiff is not an attorney[,] [and because] [n]o one explained the distinction between [SSI] and [DIB][,] [and] [b]ecause Plaintiff had been found disabled and began receiving benefits, Plaintiff reasonably believed his disability claim had been approved." *Id.* In turn, "[i]t was only months later, after another individual explained the distinction between SSI and DIB, that Plaintiff reread the ALJ's decision and realized that the DIB portion of his claim had been denied and required appeal." *Id.*

Under the regulations, a claimant has sixty days from the date they receive notice of the hearing decision to seek review by the Appeals Council. 20 C.F.R. §§ 404.968(a), 416.1468(a). If the claimant fails to file within this period, and the time for filing has not been extended, the Appeals Council "will dismiss [the claimant's] request for review[.]" *See id* §§ 404.971, 416.1471. The Appeals Council's dismissal "on timeliness grounds after a claimant has received an ALJ hearing on the merits qualifies as a 'final decision . . . made after a hearing' for purposes of allowing judicial review under [42 U.S.C.] § 405(g)." *Smith v. Berryhill*, 587 U.S. 471, 478–79 (2019).

Nonetheless, where a claimant does not seek timely review from the Appeals Council, the claimant may submit a request for review in writing, "giv[ing] the reasons why the request for review was not filed within the stated time period." 20 C.F.R. §§ 404.968, 416.1468. In turn,

"[t]o determine whether good cause exists, [the Appeals Council] use[s] the standards explained in [20 C.F.R. §§] 404.911[, 416.1411]." *Id.* Those standards consider:

> (1) What circumstances kept [the claimant] from making the request on time;
>
> (2) Whether [the Agency's] action misled [the claimant];
>
> (3) Whether [the claimant] did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions;
>
> (4) Whether [the claimant] had any *physical*, mental, *educational*, or linguistic limitations (including any lack of facility with the English language) which prevent [the claimant] from filing a timely request or from understanding or knowing about the need to file a timely request for review.

20 C.F.R. §§ 404.911(a), 416.1411(a) (emphases added).[2] "Where the Appeals Council's determination that a claimant's request for review is untimely is supported by substantial evidence, the court reviews the SSA's decision not to excuse the untimely filing only for abuse of discretion." *Carroll v. Comm'r of Soc. Sec.*, No. 1:20-cv-00491-HBK, 2021 WL 5785054, at *2 (citing *Smith*, 587 U.S. at 487 n.9).

Here, Plaintiff submitted his request for review on September 25, 2025, over seven months after the ALJ's decision. AR 9. Plaintiff sought review because his "health is poor[,] not getting any better, [he] still suffer[s] from cancer and chemo radiation[ ] sympt[oms]." *Id.* The following day, September 26, 2025, Plaintiff submitted a "Statement of Claimant or Other Person" offering "Good Cause for Late Filing" of his request for review, wherein Plaintiff stated that he was "confused and [he] didn't know there was a difference between SSI and [DIB].

[2] The regulations also provide "[e]xamples of circumstances where good cause may exist include, but are not limited to," situations where the claimant was "seriously ill and w[as] prevented from contacting [the Administration] in person, in writing, or through a friend, relative, or other person[,]" or where "[u]nusual or unavoidable circumstances exist, including the circumstances described in (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely." 20 C.F.R. §§ 404.911(b)(1), (9); 416.1411(b)(1), (9).

[Plaintiff] was previously being represented by attorney David Oliver. [Plaintiff] assumed SSI was the first step. [Plaintiff] would like to appeal the [DIB] decision." AR 7.

The Appeals Council denied Plaintiff's request because:

> [a] review of the record shows [Plaintiff] filed his request for review more [than] 5 months after the required date. [Plaintiff] stated that [his] request was late because he did not understand the distinction between his Title II application for a period of disability and disability insurance benefits, and his Title XVI application for supplemental security income. [Plaintiff] further remarked that he had been represented by attorney David Oliver, but did not otherwise provide *any rationale* for his late filing.

AR 4 (emphasis added).

In reaching this conclusion, however, the Appeals Council failed to adequately consider the impact that Plaintiff's cancer—which the Court notes was the ALJ's basis for finding Plaintiff disabled for SSI purposes, and squarely within the record before the Appeals Council—had upon Plaintiff's ability to timely file a request for review. AR 4. Plaintiff unequivocally asserted in his September 25, 2025, request for review that his "health is poor[,] not getting any better, [he] still suffer[s] from cancer and chemo radiation[ ] sympt[oms]." AR 9.

The regulations squarely contemplate that, in evaluating good cause, the Appeals Council may consider "[w]hether [the claimant] had any *physical* . . . [or] *educational* . . . limitations . . . which prevent [the claimant] from filing a timely request or from understanding or knowing about the need to file a timely request for review." 20 C.F.R. §§ 404.911(a)(4), 416.1411(a)(4) (emphases added). Likewise, the regulations contemplate situations where "[u]nusual or unavoidable circumstances exist, including the circumstances described in (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely." *Id.* §§ 404.911(b)(9), 416.1411(b)(9).

Here, the Appeals Council did not consider Plaintiff's cancer diagnosis (physical limitation), nor the "[u]nusual" circumstances of this case, where Plaintiff *was receiving payments* pursuant to a partially favorable finding of disability, and because he is not a lawyer (educational limitation), Plaintiff was ostensibly unaware "of the need to file timely" request for review of the ALJ's decision denying his DIB claim. AR 4. In other words, the Appeals Council failed to properly apply the "standards" for evaluating "good cause" set forth in 20 C.F.R. §§ 404.911, 416.1411, and how those standards bore upon Plaintiff's good cause shown. *Id.* For this reason, the Court concludes that the Appeals Council abused its discretion in concluding that Plaintiff had not demonstrated good cause for his untimely request for review of the ALJ's decision.

Rather than unilaterally making a finding of good cause, however, the proper disposition in this matter is for the Court to remand the matter to the Appeals Council for reconsideration of whether Plaintiff demonstrated good cause—pursuant to the enumerated "standards" set forth in the regulations—for his untimely filing. *See* 20 C.F.R. §§ 404.911, 416.1411; *see also Manook T.C. v. O'Malley*, No. CV 22-08573 RAO, 2024 WL 7001711, at *3 (C.D. Cal. Feb. 15, 2024) (ellipsis omitted) (citing *Smith*, 487 U.S. at 487) ("Fundamental principles of administrative law teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question.").

//

//

//

//

//

## IV. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** AND **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 22nd day of September, 2026.

Grady J. Leupold
United States Magistrate Judge